# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ALLEN N. SIMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-1214 |
| | ) | |
| McDONOUGH COUNTY SHERIFF, | ) | |
| MIKE JOHNSON, AND JERRY VAWTER, | ) | |
| former Sheriff Deputy, | ) | |
| | ) | |
| Defendants. | ) | |

# O R D E R

This matter is now before the Court on Defendant Jerry Vawter's ("Vawter") Motion for Summary Judgment. For the reasons set forth below, the Motion [#18] is GRANTED.

## BACKGROUND

Plaintiff, Allen Simpson's ("Simpson") claim arises out of events that occurred on May 31, 2003. On that date, he learned that his ex-wife, Billie Jean Simpson, was having a yard sale. Simpson then called the McDonough County Sheriff's Department to investigate his suspicion that his ex-wife was selling some of his possessions at the yard sale. Vawter was dispatched to investigate and met with Simpson to discuss his claim. Simpson, his mother and his son then went to the yard sale with Vawter and Adam Cheesman, an intern who was riding along with Vawter. Vawter and Cheesman approached Simpson's ex-wife and her father about the allegations. Vawter then informed Simpson that none of his property was being sold and that it was time to leave. Following a heated discussion, Simpson was informed that if he didn't leave and went up to the yard sale, he would be arrested for trespass. Simpson then extended his middle finger in the

direction of his ex-wfe.  Vawter again requested that Simpson get into his vehicle and leave, but Simpson continued to argue.

At that point Vawter told Simpson that he was under arrest for disorderly conduct. Vawter asked Simpson to place his right hand behind his back and placed a handcuff on Simpson's right wrist.  Vawter next asked Simpson to put his left hand behind his back, at which time Simpson advised him that he had a bad right shoulder.  Vawter then told Simpson to turn around so that he could handcuff him in the front.

Simpson subsequently filed a small claims complaint against McDonough Country Sheriff Mike Johnson ("Johnson") and former Sheriff's Deputy Vawter in the Circuit Court of the Ninth Judicial Circuit, McDonough County, Illinois.  On June 30, 2004, the case was removed to this Court, and the claims against Defendant Johnson were dismissed on May 11, 2005.  Vawter has now moved for summary judgment on the remaining claims in the Complaint.  Despite having received written notice and warning of the consequences of failing to respond to the Motion for Summary Judgment, Simpson has neither filed any response nor sought any extension of time in which to do so.  Accordingly, the Court now deems the Motion to be unopposed pursuant to Local Rule 7.1(B) and further deems Defendant's statement of facts to be accepted as true for purposes of resolving this Motion.

### STANDARD OF REVIEW

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of

a triable issue.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case."  Id. at 325.  Any doubt as to the existence of a genuine issue for trial is resolved against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial.  Celotex, 477 U.S. at 324.  Nevertheless, this Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]."  Holland v. Jefferson Nat. Life Ins. Co., 883 F.2d 1307, 1312 (7th Cir. 1989).  Summary judgment will be denied where a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995).

**ANALYSIS**

1.   False Arrest

In a § 1983 action against a police officer for false arrest, a plaintiff must prove that the officer did not have probable cause to arrest.  Schertz v. Waupaca County, 875 F.2d 578, 581 (7th Cir. 1989).  Probable cause exists where "the facts and circumstances within [the officer's] knowledge and of which he had reasonably trustworthy information [are] sufficient in themselves to warrant a prudent person in believing that the [suspect] had

committed or was committing an offense." Sheik-Abdi v. McClellan, 37 F.3d 1240, 1246 (7th Cir.), *cert. denied*, 115 S.Ct. 937 (1994), *citing* Maxwell v. City of Indianapolis, 998 F.2d 431, 433 (7th Cir. 1993);  Cervantes v. Jones, 188 F.3d 805, 809 (7th Cir. 1999).  It "involves a practical, common sense determination about whether, given all the circumstances present, it is reasonably probable that a person has committed or is committing an offense." United States v. Randall, 947 F.2d 1314, 1319 (7th Cir. 1991), *citing* United States v. Marin, 761 F.2d 426, 430-31 (7th Cir. 1985).  Courts evaluate probable cause on the facts "as they would have appeared to a reasonable person in the position of the arresting officer – seeing what he saw, hearing what he heard." Sheik-Abdi, 37 F.3d at 1246.

Here, Vawter was well aware of the ongoing property dispute between Simpson and his ex-wife, as he had talked to Simpson about the same dispute on at least three occasions prior to May 31, 2003.  After discussing the situation with Simpson that day, Vawter accompanied Simpson to the garage sale and was informed by the ex-wife that Simpson was not permitted on the property.  Pursuant to the property owner's request, Vawter then requested that Simpson leave the premises.  After several requests, Simpson raised his hands and displayed his middle fingers towards his ex-wife as he walked back to his vehicle.  Vawter once again asked Simpson to leave the premises.  When Simpson continued his refusal to leave the premises and added that he could say what he wanted under the First Amendment, Vawter placed him under arrest.

It is clear from these undisputed facts that Vawter had probable cause to arrest Simpson, as the facts and circumstances of which he had knowledge at the time would have warranted a prudent person in believing that Simpson was committing an offense.

Probable cause does not require evidence sufficient to support a conviction.  Woods v. City of Chicago, 234 F.3d 979, 996 (7th Cir. 2001).  Nor must an officer establish probable cause as to each and every element of a crime before they are authorized to make a valid arrest. Spiegel v. Cortese, 196 F.3d 717, 724 n.1 (7th Cir. 1999).  In fact, the Seventh Circuit has noted that under Illinois law, there can be probable cause to arrest on charges of trespass even in the absence of direct evidence of notice to the trespasser.  United States v. Kincaid, 212 F.3d 1025, 1029 (7th Cir. 2000).  The existence of probable cause is even more clear in this case, as it is evident that Simpson had repeatedly received notice that he was not allowed on the property and needed to leave immediately, yet persisted with resistance and vulgar behavior.  In light of the facts known to him at the time of the arrest, Vawter's belief was reasonable, and the arrest was therefore lawful.  As the existence of probable cause precludes a § 1983 claim for false arrest, Vawter is entitled to summary judgment on this claim.  Fernandez v. Perez, 937 F.2d 368, 370 (7th Cir. 1991); Morfin v. City of East Chicago, 349 F.3d 989, 996 (7th Cir. 2003).

      2.   Excessive Force

When addressing an excessive force claim brought under §1983, the analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force. Graham v. Connor 490 U.S. 386, 394 (1989).  The validity of the claim must then be judged by reference to the specific constitutional standard which governs that right, rather than to some generalized "excessive force" standard.

Where, as here, the excessive force claim arises in the context of the arrest of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right "to be secure in their persons ... against

- 5 -

unreasonable ... seizures." Id.  All claims that law enforcement officers have used excessive force in the course of an arrest or other "seizure" of a free citizen are analyzed under the Fourth Amendment and its objective "reasonableness" standard.  Id. at 395.  In other words, to properly state a fourth amendment excessive force claim, a plaintiff must establish that a seizure occurred and that the officer's use of force in effecting the seizure was unreasonable.  United States v. Hernandez, 1997 WL 80916, *3 (N.D. Ill. Feb. 21 1997).

The reasonableness of the officer's use of force is to be judged from the perspective of a reasonable officer on the scene at the moment that the force was used.  Graham, 490 U.S. at 396.  Courts must consider the "facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  Id. at 395; Lawrence v. Kenosha County, 391 F.3d 837, 843 (7th Cir. 2004).

Here, there is no question that a seizure occurred, because it is undisputed that Simpson was arrested for disorderly conduct.  The question is whether Vawter's use of force was objectively reasonable under the circumstances.  The undisputed facts indicate that Vawter informed Simpson that he was under arrest for disorderly conduct.  Vawter placed Simpson's left hand on the back of his neck and used his right hand to grab Simpson's right wrist.  Vawter then leaned Simpson over the hood of the squad car and brought Simpson's right hand behind his back to place a handcuff on his right wrist.  When Vawter asked Simpson to put his left hand behind his back, Simpson stated that he had a bad right shoulder.  Vawter then assisted Simpson in getting up off the hood of the car and

turning around so that he could be handcuffed in front.  Simpson was placed in the rear seat of the squad car and never complained of his shoulder hurting.

The record before the Court is simply devoid of evidence establishing that Vawter used excessive force against Simpson.  To the contrary, the undisputed facts reveal that Vawter used only minimal force in effecting Simpson's arrest and did not exert any amount of force that was greater than reasonably necessary to make the arrest.  As the Court concludes that the force used in taking Simpson into custody was not excessive as a matter of law, Vawter is entitled to summary judgment on this claim, as well.

## CONCLUSION

For the reasons set forth herein, the Court now GRANTS the Motion for Summary Judgment [#18] by Defendant Vawter, and this matter is now TERMINATED.

ENTERED this 27th day of March, 2006.


s/ Michael M. Mihm
Michael M. Mihm
United States District Judge

- 7 -